UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LATIFA & HALAL KITCHEN, LLC,**<br><br>　　　　　　Plaintiff,<br>vs.<br><br>**HAROUF CORP., et al.,**<br><br>　　　　　　Defendants. | 2-23-CV-12779-TGB-EAS<br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br>**(ECF NO. 66)** |

　　　Plaintiff Latifa & Halal Kitchen, LLC, sued Harouf Corp., Ali Jadallah Reda, Mohammed Reda; Eli Bawab Gates, XOXO Investments, LLC, Mohamed Elmakaky, Ruaa Chemali, and Ahmad M. El Azaz for violations of the trademark and trade secrets laws, and for breach of and tortious interference with a contract. ECF No. 1, PageID.2. On May 22, 2024, the Court granted Plaintiff's Motion for Default Judgment, ECF No. 35, against Defendants Ali Jadallah Reda, Ahmad M. El Azaz, and Mohamed Reda (jointly, "Defendants"). ECF No. 48, PageID.258.

　　　Plaintiff now moves for an award of attorneys' fees and costs incurred in prosecuting this lawsuit. ECF No. 66, PageID.732. Defendants have filed no response. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

## I. FACTS

　　　The Court entered default judgment against Defendants for Plaintiff's claims of false designation of origin, trademark infringement,

and trademark dilution under the Lanham Act, for Plaintiff's claims of misappropriation of trade secrets under the Defend Trade Secrets Act and Michigan's Uniform Trade Secrets Act, for Plaintiff's claims of unfair trade practices in violation of the Michigan Consumer Protection Act, and for Plaintiff's claims of common law trademark infringement and unfair competition under Michigan law. ECF No. 48, PageID.528. The Court also entered default judgment against Defendant El Azaz for breach of contract, and against Defendants jointly for tortious interference with a contract. *Id.*

The Court also ordered that Plaintiff shall be awarded its reasonable attorneys' fees and costs incurred in this action, jointly and severally against Defendants in an amount to be submitted by Plaintiff and approved by the court. *Id.* at PageID.529. The Court found that this was an "exceptional case" of trademark infringement. *Id.*

Following the Court's entry of a final default judgment against Defendants on November 22, 2024, ECF No. 65, Plaintiff filed this Motion for Attorneys' Fees and Costs on December 6, 2024. ECF No. 66. In that Motion, Plaintiff seeks to recover $26,074.90 in attorneys' fees and $1,972.65 in costs. ECF No. 66.

Plaintiff reported that its lead attorney, Samuel L. Estenson, expended 66 hours of work in this matter, that Derek T. Howard, another attorney of record, expended 4 hours, and that paralegal Sabrina Martell expended 15.75 hours. *Id.* at PageID.738-39. Estenson, an experienced

2

attorney and a managing partner at his law firm, charged Plaintiff an hourly rate of $350. *Id.* at PageID.741. Howard, another experienced attorney, charged the same rate. *Id.* Martell charged an hourly rate of $100. ECF No. 66-2, PageID.752. Estenson, Martell, and a law firm record-keeper averred that Plaintiff's records accurately reflected the work Plaintiff's attorneys performed and the costs they incurred. ECF No. 66-2, PageID.746-50; ECF No. 66-4, PageID.761-62; ECF No. 66-2, PageID.758-59. Plaintiff submitted information from the State Bar of Michigan's 2023 Economics of Law Survey, which found that the median billable hour rate in "Business/Commercial Litigation" was $373. ECF No. 66-5, PageID.771. Plaintiff also reported incurring $1925 in process server fees, $18.61 in mailing fees for service by mail, and $29.04 in additional mailing fees, for a total of $1972.65 in costs. ECF No. 66-2, PageID.755-56; ECF No. 66-3, PageID.758-59.

## II. STANDARD OF REVIEW

"[E]ach party to a lawsuit bears its own costs unless a statute or agreement provides otherwise." *Michigan Am. Fed'n of State Cnty. & Mun. Emps. Council 25, Loc. 1640 v. Matrix Hum. Servs.*, 589 F.3d 851, 857 (6th Cir. 2009). When a party is entitled to attorneys' fees, "the primary concern is that the fee awarded be reasonable." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (quotation marks removed, *quoting Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). The

Sixth Circuit approves the use of state bar surveys to determine reasonable rates for compensating attorneys. *Gonter*, 510 F.3d at 619.

## III. ANALYSIS

### A. Plaintiff is Entitled to Attorneys' Fees and Costs

The Trademark Act allows the Court to award a successful plaintiff the costs of the action. 15 U.S.C. § 1117(a). The Trademark Act also allows the Court to award the prevailing party reasonable attorneys' fees where the Court finds that the prevailing party suffered from an "exceptional case" of infringement. *Id.* Here, the Court entered judgment in Plaintiff's favor that Defendants infringed Plaintiff's trademark. ECF No. 48, PageID.528. And the Court found that Defendants' trademark infringement was an "exceptional case." *Id.* at PageID.529. As such, the Court may, and does, award Plaintiff the costs of the action and reasonable attorneys' fees.

### B.   Plaintiff's Proposed Attorneys' Fees Are Reasonable

Pursuant to the State Bar of Michigan's 2023 Economics of Law Survey, the Court finds that a reasonable rate for experienced attorneys Estenson and Howard in this business-related litigation would have been at least $373 per hour. *See* ECF No. 66-5, PageID.771 (finding that the median billable rate in "Business/Commercial Litigation" was $373 per hour); *Gonter*, 510 F.3d at 619 (finding that state bar surveys are proper means of determining reasonable hourly rates). Estenson and Howard both charged Plaintiff a fee of $350 per hour, lower than the median

4

billable rate for such work. *See* ECF No. 66, PageID.741. Where Plaintiffs' attorneys charged lower rates than the reasonable median rates under the circumstances, the Court finds that Estenson and Howards attorneys' fees are reasonable.

The Court also finds that Martell's charged rate of $100 per hour was also reasonable. Courts find that paralegal rates around $100 per hour are reasonable. *See Bixby v. Oliveira*, 744 F. Supp. 3d 84, 95 (D. Mass. 2024) (approving a $150 per hour rate); *Kissinger, Inc. v. Singh*, 304 F. Supp. 2d 944, 954 (W.D. Mich. 2003) (approving a $95 per hour rate in 2003). The Court will therefore award Plaintiff its requested attorneys' fees and paralegal fees of $26,074.90.

### C.     Plaintiffs are Entitled to the Requested Costs

Plaintiff incurred $1925 in process server fees, $18.61 in mailing fees for service by mail, and $29.04 in additional mailing fees, for a total of $1972.65 in costs. ECF No. 66-2, PageID.755-56; ECF No. 66-3, PageID.758-59. Courts find that such fees incurred in serving process and filing a case are recoverable under the Trademark Act, 15 U.S.C. § 1117. *See GS Holistic, LLC v. 616 W., LLC*, No. 1:23-CV-1261, 2024 WL 4343445, at *3 (W.D. Mich. Sept. 30, 2024) (Jarbou, J.); *Advance Mag. Publishers, Inc. v. Tinsley*, No. 318CV13575RHCSDD, 2019 WL 1285089, at *6 (E.D. Mich. Mar. 20, 2019) (Cleland, J.). The Court finds that Plaintiff's fees of $1972.65 were reasonably incurred, and finds that Plaintiff should be awarded those fees under the Trademark Act.

## IV. CONCLUSION

For the reasons stated, Plaintiff's unopposed Motion for Attorneys' Fees and Costs is **GRANTED**. Plaintiff shall be awarded $26,074.90 in attorneys' fees and $1,972.65 in costs, both awards being jointly and severally against Defendants Ali Jadallah Reda, Ahmad M. El Azaz, and Mohamed Reda.

**SO ORDERED.**

Dated: April 14, 2025              /s/Terrence G. Berg
                                                 HON. TERRENCE G. BERG
                                                 UNITED STATES DISTRICT JUDGE